IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

KLX ENERGY SERVICES LLC

    Plaintiff,

v.

MAGNESIUM MACHINE, LLC

    Defendant.

Case No. 5:20-cv-01129-F

### KLX ENERGY SERVICES LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS

Plaintiff and Counterclaim-Defendant KLX Energy Services LLC ("KLX") respectfully files this reply in further support of its Motion to Dismiss Counterclaim Nos. 5, 6, and 7 by Magnesium Machine, LLC ("Mag Machine").[1]

## SUMMARY

Mag Machine all but acknowledges its Counterclaims are partially based on KLX's public statements in this action, which by itself triggers application of the OCPA and obliges Mag Machine to make a *prima facie* showing of the validity of its claims. To the extent Counterclaim Nos. 5, 6, and 7 are based on KLX's protected petitioning activities, they are legally barred. Mag Machine does not dispute this, but now contends its claims are also based on *other* statements or conduct not specifically identified in its pleading.

---

[1] Unless otherwise indicated, all abbreviated terms have the same meanings as ascribed to them in KLX's Motion to Dismiss. *See* Dkt. #16 ("Mot."). Mag Machine's Response in Opposition to KLX's Motion to Dismiss Counterclaims (Dkt. #18) is abbreviated herein as "Opp."

However, instead of offering any evidence, Mag Machine's Response provides only vague recitations of the required legal elements. This falls far short of the OCPA's "clear and specific" standard and requires dismissal. For the same reasons, Mag Machine's claims fail to meet Rule 12(b)(6)'s plausibility standard.

**ARGUMENT & AUTHORITIES**

**I.     The Court Should Dismiss the Counterclaims under the OCPA**

   A.   *The OCPA Applies in Federal Court*

Mag Machine first argues that the OCPA should not apply in federal court, but, noticeably, provides no actual basis for this argument. The Response vaguely contends that the statute is "problematic," "seemingly contradictory," and that "courts are still sorting through [its] language" (Opp. at 2-3), but it does not assert that the OCPA actually conflicts with the Federal Rules.[2]

As KLX explained, most Oklahoma federal courts (including this Court itself) have already determined that the OCPA is a substantive law that applies to state-law claims in diversity actions. *See Craig PC Sales & Service, LLC v. CDW Government, LLC*, No. CIV-17-003-F, 2018 WL 4861522, at *10-17 (W.D. Okla. April 30, 2018) (Friot, J.); *Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 18-cv-00064-TCK-FHM, 2018 WL

---

[2] In diversity cases, federal courts apply state substantive law and federal procedural law. *Los Lobos Renewable Power, LLC v. Americulture, Inc.*, 885 F.3d 659 (10th Cir. 2018). "A federal court exercising diversity jurisdiction should not apply a state law or rule if (1) a Federal Rules of Civil Procedure answers the same question as the state law or rule and (2) the Federal Rule does not violate the Rules Enabling Act." *Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1238 (10th Cir. 2020) (quoting *Abbas v. Foreign Policy Grp., LLC*, 783 F.3d 1328 (D.C. Cir. 2015)).

4038117, at *9 (N.D. Okla. Aug. 23, 2018) (rev'd on other grounds); *but see Bruning v. City of Guthrie*, CIV–15–0003–HE, 2015 WL 4925995, at *10 (W.D. Okla. Aug. 18, 2015) (finding the OCPA procedural). Further, while not controlling on this Court, Oklahoma appellate courts have likewise determined that the OCPA confers substantive rights and is not merely procedural. *See, e.g.*, *Anderson v. Wilken*, 377 P.3d 149, 150-51 (Okla. Civ. App. 2015); *Steidley v. Community Newspaper Holdings, Inc.*, 383 P.3d 780, 786 (Okla. Civ. App. 2016).

Mag Machine addresses none of these authorities. There is no reason the Court should depart from its own well-reasoned precedent, especially in the absence of any countervailing Tenth Circuit guidance.

B.  *The OCPA Applies to the Counterclaims*

Importantly, Mag Machine does not dispute that its Counterclaims relate to KLX's factual and legal assertions in this lawsuit. It even acknowledges that KLX's Complaint is "the mechanism by which KLX has formalized its untruthful fodder about Magnesium." Opp. at 4. Nonetheless, Mag Machine argues that the OCPA should not apply because it contends that the Counterclaims are "not based *solely* on KLX's filing." Opp. at 4 (emphasis added). But this is irrelevant for the initial step of determining whether the OCPA applies. Indeed, "[t]he first-stage inquiry is simply whether the defendant can make a plausible showing that the plaintiff's [counterclaim] was driven, *at least in part*, by one of the forms of speech enumerated in § 1431." *Southwest Orthopaedic Specialists, P.L.L.C. v. Allison*, 439 P.3d 430, 435 (Okla. Civ. App. 2018) (emphasis added). Here, step one is satisfied by Mag Machine's own allegations.

Mag Machine also argues that KLX's publicly filed comments are not covered by the OCPA because "the communication must be a matter of public concern," meaning "an issue related to health or safety, environmental, economics or community well-being, the government, a public official or public figure or a good, product or service in the marketplace." Opp. at 5 (quoting 12 O.S. § 1431(7)). This misreads the law and the basis for KLX's motion. While the OCPA defines the right to free *speech* as "a communication made in connection with a matter of public concern," the "public concern" requirement does not apply to the exercise of the right to *petition*, which is defined broadly to include any "communication in or pertaining to… a judicial proceeding." *See* 12 O.S. § 1431(4). As explained in KLX's motion, the Counterclaims are expressly based on KLX's exercise of its right to petition—*i.e.*, on the allegedly false statements KLX made "through its public filing of the Complaint." Mot. at 5 (quoting Countercl. ¶¶ 13-16). The right to petition, as defined in the OCPA, clearly encompasses such statements. *See, e.g.*, *Steidley*, 383 P.3d at 786 ("The defining characteristic of a SLAPP suit is its purpose to deter public participation in decision-making forums.").[3]

---

[3] Mag Machine also appears to argue that the OCPA does not protect tortious statements. *See* Opp. at 6. Even assuming, *arguendo*, that the alleged speech about which Mag Machine complains in this case is somehow tortious, that would not preclude application of the OCPA. *Barnett*, 2018 WL 4038117, at *5 (rev'd on other grounds) ("the OCPA contains no per se exception for alleged defamation."); *see also Shopoff Advisors, LP v. Atrium Circle, GP*, 596 S.W.3d 894, 906 n.8 (Tex. App.—San Antonio 2019, no pet.) (the TCPA "does not mention illegal or tortious actions being excluded from the definition" of the exercise of the right to petition).

Finally, Mag Machine incorrectly states that the OCPA's "commercial speech" exemption precludes dismissal of its Counterclaims. Opp. at 6. By its terms, the OCPA does not apply to legal actions "if the statement or conduct the action is based upon arises out of the sale or lease of goods or services. . . or a commercial transaction in which the intended audience is an actual or potential buyer or customer." 12 O.S. § 1439(2).

Oklahoma courts have indicated this provision can remove from the OCPA's scope certain categories of "covered *speech* noted by § 1431(7), i.e., 'speech on a matter of public concern related to a good, product or service in the marketplace.'" *Krimbill v. Talarico*, 417 P.3d 1240, 1250 (Okla. Civ. App. 2018) (emphasis added). But Mag Machine cites no judicial precedent or statutory basis to conclude the exemption can apply to the exercise of the right to *petition*, which, as described above, is a distinct and separate right protected by the OCPA.

To the contrary, Texas courts construing an identical provision have determined that it applies narrowly to speech that "does no more than propose a commercial transaction." *Castleman v. Internet Money Ltd.*, 546 S.W.3d 684, 690 (Tex. 2018) (per curiam). Accordingly, the exception only applies if, among other factors: (1) "the statement or conduct at issue arose out of a commercial transaction involving the kind of goods or services [that] the defendant provides;" and (2) "the intended audience of the statement or conduct were actual or potential customers of the defendant." *Id.* at 688. Neither factor is present here.

First, the statement or conduct must relate to "the *defendant*'s [here, KLX's] sale or lease of goods or services." *Id*. (emphasis in original). The exemption does not apply when a defendant "speaks of *other* goods or services in the marketplace" (*id.* at 689 (emphasis

added)), which is what Mag Machine alleges as the basis of its Counterclaims. Second, KLX's public statements in its Complaint were directed to this Court—not to its own customers. Mag Machine cites no cases applying the exemption to allegedly false statements made by competitor "through its public filing of [a] Complaint." Countercl. ¶¶ 13-16. *Cf. Better Bus. Bureau of Metro. Houston, Inc.v. John Moore Services*, 441 S.W.3d 345, 354 (Tex. App. – Houston [1st Dist.] 2013, pet. denied) (commercial-speech exemption did not apply to statements directed to public at large). In sum, Mag Machine has not met its burden to show the commercial speech exemption applies.

C. *Mag Machine Does Not Establish Prima Facie Case*

Given that the OCPA applies, Mag Machine "must establish that a legitimate basis for suit—other than suppression of the protected speech—exists by showing a *prima facie* case." *Allison*, 439 P.3d at 435. In other words, if, as Mag Machine contends, its Counterclaims are based on non-protected actions by KLX, it is obliged to identify those actions and support its claims with "clear and specific evidence." 12 O.S. § 1434(C). Far from meeting this burden, Mag Machine has opted not to attach *any* affidavits or other evidence to its Response.

And although the Response purports to introduce new support for its claims, none of those unverified allegations sets out a *prima facie* case or remedies the shortcomings KLX identified in the Counterclaims.[4] For example, Mag Machine's tortious interference

---

[4] "The OCPA is clear that a district court 'shall consider the pleadings and supporting and opposing affidavits.'" *Krimbill v. Talarico*, 417 P.3d 1240, 1246 (Okla. Civ. App. 2018) (quoting 12 O.S. § 1435). Mag Machine's new support is found neither in its pleading or

claim requires it to identify a specific relationship with which KLX allegedly interfered, as well as facts clearly showing that KLX's actions caused actual interference or damage to those relationships. Mot. at 8-9; *see also* Opp. at 9-11. Yet Mag Machine's Response does neither. It merely states that KLX made false statements to unidentified "potential customers" which caused them "to hesitate and then change their minds about purchasing the Adair plug directly from Magnesium." Opp. at 10. It still identifies no *specific* customers whose relationships KLX purportedly interfered with, let alone the specific nature of the relationship or why it was a valid "expectancy" under Oklahoma law. Mag Machine also does not allege—much less explain—how any alleged KLX statement resulted in the termination of any existing contract or business relationship. Such vague factual allegations are insufficient as a matter of law to meet the OCPA's "clear and specific" showing. *See, e.g.*, *Craig PC Sales*, 2018 WL 4861522 at *18 (allegations that plaintiff had "a valid business relationship and expectancy" with "various school districts and private clients," were "not sufficient for the 'clear and specific evidence' standard.").

Similarly, Mag Machine provides no evidence of actual damages, as required for each of its Counterclaims. Oklahoma courts have described the existence of damages as "a key determinant" in showing a *prima facie* case under the OCPA, given the statute's intent to "protect the rights of a person to file meritorious lawsuits for *demonstrable* injury." *Allison*, 439 P.3d at 437 n.5 (quoting 12 O.S. § 1430) (emphasis in original). Mag Machine

---

any affidavits, and briefs aren't pleadings. Fed. R. Civ. P. 7 (distinguishing "pleadings" from "motions and other papers").

generally states that "KLX's assertions have had a chilling effect on Magnesium's potential business" and have "affected Magnesium's potential sales agreements, one of which would have been for $6,500,000.00 in product" (Opp. at 10-11), yet still provides no facts clearly or specifically showing how KLX was responsible for causing such damages, or even that this was a valid business expectancy in the first place. Again, such conclusory allegations do not suffice. *See, e.g.*, *Allison*, 439 P.3d at 437 ("Without more, allegations contained in an affidavit stating that a plaintiff suffered 'direct economic losses' and 'lost profits' are only conclusory and do not constitute evidence" for purposes of the OCPA) (quotation omitted).

## II. The Court Should Dismiss the Counterclaims under Rule 12(b)(6)

Mag Machine does nothing to refute that Counterclaim Nos. 5, 6, and 7 fail to state a claim under Rule 12(b)(6) for the reasons set forth in KLX's motion. *See* Mot. at 6-11. As described above, Mag Machine still has not identified any specific out-of-court statements by KLX, any contractual relations or concrete expectancies that were breached or terminated as a result of KLX's actions, or any indicia of malicious intent. Noticeably, Mag Machine does not cite a single case in which any court has recognized a claim based on such threadbare allegations. And it does not grapple with the numerous Oklahoma authorities rejecting the sufficiency of such allegations under Rule 12. *See* Mot. at 9-10.

Moreover, to the extent that Mag Machine's Response brief introduces new allegations beyond the scope of its Counterclaims as pled, the Court should disregard them. In considering a motion to dismiss under Rule 12(b)(6), the Court generally may not consider facts outside of those alleged in the complaint, and "plaintiffs may not effectively amend

their Complaint by alleging new facts in their response to a motion to dismiss." *Barnett*, 2018 WL 4038117, at *9 n.4.[5]

Finally, Mag Machine does not address KLX's argument that the Counterclaims should all be dismissed under Rule 12(b)(6) on grounds of immunity. As noted above, the only statements Mag Machine has specifically identified to date are those KLX has made in this action. To the extent the Counterclaims are premised on KLX's judicial statements, they are legally barred. *See* Mot. at 6-8.

## **CONCLUSION AND PRAYER**

For the foregoing reasons, KLX respectfully requests that the Court dismiss Mag Machine's Counterclaim Nos. 5, 6, and 7 with prejudice under the Oklahoma Citizens Participation Act and Rule 12(b)(6), and award KLX its attorneys' fees and costs incurred with bringing its motion.

---

[5] Mag Machine's cursory alternative request for "time to amend its counterclaims" (Opp. at 18) is also improper. Under the Local Rules of this Court, a party seeking leave to amend its pleadings must submit a separate written motion with the proposed amendments attached as an exhibit. LCvR 15.1; *see also Jorgensen v. Hawk*, CIV-18-798-F, 2019 WL 4017613, at *6 (W.D. Okla. Aug. 26, 2019) (Friot, J.) (denying leave to amend and stating that "plaintiffs' bare request to amend in their response briefs is insufficient to place the court and opposing parties on notice of the plaintiff[s'] request to amend and the particular grounds upon which such a request would be based.").

Date: January 19, 2021

Respectfully Submitted,

*/s/ David P. Whittlesey*
David P. Whittlesey*
Texas Bar No. 00791920
*admitted pro hac vice*
SHEARMAN & STERLING LLP
111 Congress Ave., Suite 1700
Austin, TX 78701
(512) 647-1900
david.whittlesey@shearman.com

–and–

Reagan E. Bradford, OBA #22072
Ryan K. Wilson, OBA #33306
BRADFORD & WILSON PLLC
431 W. Main Street, Suite D
Oklahoma City, OK 73102
(405) 698-2770
(405) 234-5506 fax
reagan@bradwil.com
ryan@bradwil.com

**ATTORNEYS FOR PLAINTIFF & COUNTERCLAIM DEFENDANT KLX ENERGY SERVICES LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to parties and attorneys who are filing users.

*s/David P. Whittlesey*
David P. Whittlesey