# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **KLX ENERGY SERVICES LLC,** | |
| Plaintiff, | |
| v. | NO. CIV-20-1129-F |
| **MAGNESIUM MACHINE, LLC,** | |
| Defendant. | |

## DEFENDANT'S AMENDED COUNTERCLAIMS

COMES NOW Defendant Magnesium Machine, LLC ("Defendant" or "Magnesium Machine"), by and through its attorneys of record, and hereby submits its Amended Counterclaims in accordance with the Court's Order dated February 22, 2021 [Doc. 20] as follows:

## FACTS COMMON TO ALL COUNTERCLAIMS

1. Magnesium Machine and KLX entered into the Distributor Appointment Agreement on or about July 12, 2018 (the "Agreement").

2. Under the terms of the Agreement, KLX committed to a quarterly minimum order of Adair Plugs. This material term was delineated in the Agreement, Article 2, Section (b), and further detailed in Exhibit B of the Agreement.

3. Under the terms of the Agreement, if KLX failed to order the quarterly minimum within 15 days of the end of each quarter, Magnesium Machine would send written notice, allowing time for KLX to submit an order to reach the minimum quantity. This material term was delineated in the Agreement, Article 2, Section (b), and further detailed in Exhibit B of the Agreement.

4. Under the terms of the Agreement, if KLX still failed to order the quarterly minimum, the Agreement became non-exclusive. This material term was delineated in the Agreement, Article 2, Section (b), and further detailed in Exhibit B of the Agreement.

5. In the second quarter of 2020, KLX failed to place orders for the required quarterly minimum.

6. On or about July 15, 2020, Magnesium Machine sent written notice to KLX requesting it submit an order in compliance with the minimum order requirement (the "Notice"). In its Notice, Magnesium Machine specifically reminded KLX that not complying with the quarterly minimum order would remove the exclusivity obligation from the agreement and informed KLX the Notice was a notice of non-exclusivity.

7. Even after receiving the Notice, which explicitly informed KLX of the steps it needed to take to remain the exclusive distributor of the Adair Plug, KLX did not submit an additional order to meet its minimum obligation under the Agreement.

8. Additionally, and of importance, KLX has failed to pay for the Adair Plugs it did order.

9. To date, KLX owes Magnesium Machine $416,900.00 (USD) for the Adair Plugs it purchased but has not paid for, in addition to interest and late fees.

10. Magnesium Machine designed and created the Adair Plug. All modifications or improvements to the Adair Plug were considered, tested, decided upon, and implemented by Magnesium Machine.

11. In the Agreement, KLX recognized and agreed it had the right to use Magnesium Machine's trademarks during the term of the Agreement.

12. In the Agreement, KLX recognized and agreed it did not have any right or license to Magnesium Machine's present or future patents.

13. KLX never contributed to the modification or improvement of the Adair Plug.

14. While KLX may have provided feedback to Magnesium Machine, any and all modifications or improvements to the Adair Plug were considered, tested, decided upon, and implemented by Magnesium Machine and, thus, Magnesium Machine has the exclusive rights to the Adair Plug.

15. KLX has falsely advised customers it contributed to the modifications or improvements of the Adair Plug. This misinformation has caused confusion in the niche market and negatively impacting Magnesium Machine.

16. KLX has further knowingly provided inaccurate information about the Adair Plug with the intent to injure Magnesium Machine within and across the industry.

## COUNTERCLAIM NO. 1
### (Breach of Contract – Non Compliance with Quarterly Minimum Order)

17. Magnesium Machine reasserts the facts and allegations of paragraphs 1-16, as if fully set forth herein.

18. KLX and Magnesium Machine entered into the Agreement effective on or about July 12, 2018.

19. Under the terms of the Agreement, KLX committed to a quarterly minimum order of Adair Plugs.

20. Under the terms of the Agreement, KLX was to submit the following minimum orders but did not comply with the requirement:

| Time frame | Contractual minimum order |
| --- | --- |
| Within 10 days of execution of the Agreement | 1,000 units |
| Between July 1, 2018 and September 30, 2018 | 1,500 units |
| Between October 1, 2018 and December 31, 2018 | 1,500 units |
| Each quarter beginning January 1, 2019 | 2,500 units |

21. However, KLX only ordered 912 Adair Plugs in the second quarter of 2020.

22. On or about July 15, 2020, Magnesium Machine sent written Notice to KLX requesting it submit an order in compliance with the minimum order requirement.

23. Even after receiving the Notice, KLX chose not to submit an order totaling the minimum units required under the Agreement.

24. KLX breached the material terms of the Agreement when it failed to submit the required quarterly minimum order.

25. Magnesium Machine was damaged in excess of $75,000.00, in addition to interest, late fees, and attorneys' fees and costs.

### COUNTERCLAIM NO. 2
### (Breach of Contract – KLX has not paid for the units)

26. Magnesium Machine reasserts the facts and allegations of paragraphs 1-25, as if fully set forth herein.

27. Under the terms of the Agreement, KLX agreed to pay Magnesium Machine $1,590.00 per unit.

28. The initial order required 50% down within 20 days of the initial order, with the balance of the purchase price due upon receipt of the Products and Invoice.

29. The payments for any subsequent orders were due upon receipt of the Products and Invoice.

30. Under the terms of the Agreement, Magnesium Machine would adjust the cost of the Product for changes in the price of magnesium and inflation.

31. KLX placed the following orders but has not paid for the units as follows:

| Invoice Date | Invoice Amount | Cumulative Amount Owed |
|---|---|---|
| August 28, 2020 | $77.000.00 | $77.000.00 |
| September 4, 2020 | $19,200.00 | $96,400.00 |
| September 25, 2020 | $154,400.00 | $250,800.00 |
| October 1, 2020 | $154,400.00 | $405,200.00 |
| October 26, 2020 | $11,700.00 | **$416,900.00** |

32. To date, KLX owes Magnesium Machine $416,900.00 for Products Magnesium Machine provided to KLX, exclusive of interest, late fees, and attorneys' fees and costs.

**COUNTERCLAIM NO. 3**
**(Declaratory Judgment – Agreement is Non-Exclusive)**

33. Magnesium Machine reasserts the facts and allegations of paragraphs 1-32, as if fully set forth herein.

34. Under the terms of the Agreement, if KLX failed to order the quarterly minimum, the Agreement became non-exclusive.

35. Magnesium Machine provided written Notice to KLX that it had not complied with the required quarterly minimum order but KLX chose not to submit an order, solidifying its noncompliance with the Agreement.

36. Upon KLX's failure to comply with the quarterly minimum order requirement, the Agreement became non-exclusive and Magnesium Machine could market and sell the Adair Plug to other distributors.

37. Magnesium Machine requests this Court review the Agreement, the acts of the parties, and declare the Agreement became non-exclusive upon KLX's failure to cure its breach of a material term by not complying with the quarterly minimum order, even after receiving written Notice from Magnesium Machine.

**COUNTERCLAIM NO. 4**
**(Declaratory Judgment – the Adair Plug "belongs to" Magnesium Machine)**

38. Magnesium Machine reasserts the facts and allegations of paragraphs 1-37, as if fully set forth herein.

39. Magnesium Machine designed and created the Adair Plug. All modifications or improvements to the Adair Plug were considered, tested, decided upon, and implemented by Magnesium Machine.

40. In the Agreement, KLX recognized and agreed it had the right to use Magnesium Machine's trademarks during the terms of the Agreement.

41. In the Agreement, KLX recognized and agreed it did not have any right or license to Magnesium Machine's present or future patents.

42. Magnesium Machine respectfully requests this Court to review the Agreement, the acts of the parties, and declare the Adair Plug, all modifications and all improvements "belong to" Magnesium Machine.

## COUNTERCLAIM NO. 5
### (Deceptive Trade Practices – Statutory)

43. Magnesium Machine reasserts the facts and allegations of paragraphs 1-42, as if fully set forth herein.

44. KLX has taken part in deceptive trade practices. 78 O.S. § 53.

45. In recent months, Magnesium Machine had discussed selling Adair Plugs to Seneca Resources ("Seneca").

46. In the months before KLX filed the current lawsuit against Magnesium Machine, KLX sold Adair Plugs to Seneca.

47. In recent months, during a meeting between Magnesium Machine and Seneca, a representative from Seneca informed Magnesium Machine that KLX was providing the Adair Plug, designed and owned by Magnesium Machine, to Seneca and was believed by Seneca to be designed by KLX.

48. In recent months, on a conference call between Seneca and Magnesium Machine, Seneca communicated with Magnesium Machine that Seneca liked the Adair Plug that KLX designed and only wanted to run the "KLX" plug. Seneca stated it had spent two years evaluating plugs and had committed to the "KLX" plug design.

49. The plug design that Seneca stated was from KLX is the Magnesium Machine Adair Plug, designed and owned by Magnesium Machine.

50. Based on the misinformation from KLX, that the Adair Plug was designed by KLX, Seneca does not believe Magnesium Machine is the designer and owner of the Adair Plug.

51. Magnesium Machine has not been able to restart any conversation with Seneca in order to develop a business relationship in selling the Adair Plug.

52. KLX claims the Adair Plug as their own product as noted by the meeting conversations with Seneca and as shown on the KLX website – http://klxenergy-dev.azurewebsites.net.

53. KLX has knowingly made false representations about the designer, creator, manufacturer, and source for the Adair Plug, any modifications, and any improvements.

54. KLX has knowingly made false representations about its contributions to any modification or improvement of the Adair Plug.

55. KLX has made false or misleading statements about its role in the design, creation, modification, and/or improvement of the Adair Plug.

56. KLX's actions were meant to harm, or were reasonably expected to harm, Magnesium Machine.

57. KLX's actions were meant to injure Magnesium Machine's reputation and negatively affect its market share and profit, as well as relationships within and across the industry.

58. KLX's actions were willful, with full knowledge that its actions would result in injuring Magnesium Machine's business relationships, reputation, and/or sales.

59. As a result of KLX's deceptive trade practices, Magnesium Machine has incurred actual damages in excess of $75,000.00, in addition to attorneys' fees and costs.

### COUNTERCLAIM NO. 6
### (Deceptive Trade Practices – Common Law)

60. Magnesium Machine reasserts the facts and allegations of paragraphs 1-59, as if fully set forth herein.

61. KLX has made false assertions to Seneca that any modifications or improvements of the Adair Plugs belong to it and as represented the same to the public on the KLX website http://klxenergy-dev.azurewebsites.net.

62. KLX's assertions to Seneca and to the public on the KLX website were willful, a calculated effort to injure Magnesium Machine.

63. KLX's actions have the clear intent of negatively impacting Magnesium Machine, its reputation, business relationships, and sales.

64. KLX's actions are not typical or standard competition; KLX is offering false information intended to harm Magnesium Machine.

65. As a result of KLX's deceptive trade practices, Magnesium Machine has incurred actual damages in excess of $75,000.00, in addition to attorneys' fees and costs.

## COUNTERCLAIM NO. 7
### (Request for Injunctive Relief)

66. Magnesium Machine reasserts the facts and allegations of paragraphs 1-65, as if fully set forth herein.

67. The creation, design, modifications, and improvements of the Adair Plug belong to Magnesium Machine.

68. Upon information and belief, Magnesium Machine believes KLX may have Adair Plugs in its possession, which it intends to market and sell as its own product.

69. Magnesium Machine respectfully requests this Court order an injunction prohibiting KLX from distributing the Adair Plug as the "KLX plug" or "KLX Adair Plug."

## JURY DEMAND

70. Magnesium Machine hereby demands a jury trial for its Counterclaims pled herein.

## PRAYER FOR RELIEF

Based on the foregoing, Defendant/Counter-Plaintiff Magnesium Machine, LLC respectfully requests that judgment be entered in its favor and against Plaintiff/Counter-Defendant KLX Energy Services, LLC, in addition to the following relief:

A. Preliminary Injunction and Permanent Injunction enjoining and prohibiting KLX from (i) distributing the Adair Plug as the "KLX plug" or "KLX Adair Plug" and (ii) making representations that it designed, created, manufactured, and sourced the Adair Plug;

B.      Award contractual damages in excess of $416,900.00 as a direct result of KLX's breaches of contract;

C.      Declare the Agreement became non-exclusive upon KLX's failure to cure its breach of a material term by not complying with the quarterly minimum order, even after receiving written Notice from Magnesium Machine;

D.      Declare the Adair Plug, all modifications and all improvements "belong to" Magnesium Machine;

E.      Award actual, incidental and consequential damages, lost profits, unjust enrichment and reasonable royalties in excess of $75,000.00 as a result of KLX's deceptive trade practices;

F.      Award Magnesium Machine its reasonable attorneys' fees and costs related to its statutory and common law claims against KLX;

G.      Award pre-judgment and post-judgment interest and costs of suit incurred herein; and

H.      Any other and further relief the Court may deem just and proper.

Respectfully submitted,

**HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.**

/s/ Daniel V. Carsey

Daniel V. Carsey, OBA No. 21490
Jacqueline M. McCormick, OBA No. 31640

100 North Broadway, Suite 2900
Oklahoma City, OK  73102-8865
Telephone: (405) 553-2313
Facsimile: (405) 553-2855
dcarsey@hallestill.com
jmccormick@hallestill.com

**ATTORNEYS FOR DEFENDANT/COUNTER-PLAINTIFF, MAGNESIUM MACHINE, LLC**

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 8, 2021, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of Notice of Electronic Filing to the following ECF registrants:

Reagan E. Bradford
Ryan K. Wilson
Bradford & Wilson PLLC
431 W. Main Street, Suite D
Oklahoma City, OK 73102
reagan@bradwil.com
ryan@bradwil.com

-and-

David P. Whittlesey
Texas Bar No. 00791920
*pro hac vice forthcoming
Shearman & Sterling LLP
111 Congress Ave., Ste. 1700
Austin, TX 78701
david.whittlesey@shearman.com

***Attorneys for Plaintiff, KLX Energy Services LLC***

    /s/ Daniel V. Carsey