AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of Oklahoma

| | |
|---|---|
| KLX Energy Services LLC<br>*Plaintiff*<br>v.<br>Magnesium Machine, LLC<br>*Defendant* | )<br>)<br>)  Civil Action No. CIV-20-1129-F<br>)<br>)<br>) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Cornerstone Tools, LLC
100 N Broadway Suite 2900, Oklahoma City, OK 73102

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Subpoena Duces Tecum, which is attached as Exhibit A and incorporated herein by reference.

| Place: Bradford & Wilson PLLC<br>431 W. Main Street, Suite D<br>Oklahoma City, OK 73102 | Date and Time:<br><br>09/17/2021 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/03/2021

*CLERK OF COURT*

OR

_____          /s/ David P. Whittlesey
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
KLX Energy Services LLC , who issues or requests this subpoena, are:

David P. Whittlesey, Shearman & Sterling LLP, 300 West 6th St. Suite 2250, Austin, Texas 78701
david.whittlesey@shearman.com

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**Exhibit 1**

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| KLX ENERGY SERVICES LLC<br><br>Plaintiff,<br><br>v.<br><br>MAGNESIUM MACHINE, LLC<br><br>Defendant. | Case No. 5:20-cv-01129-F |

**EXHIBIT A TO SUBPOENA DUCES TECUM**

**DEFINITIONS AND INSTRUCTIONS**

1. This Subpoena and the categories of documents set forth below apply to any and all documents, communications, or things in your possession, custody, or control, or subject to your custody or control. This includes communications and documents from any personal email or storage accounts, text messages, instant messages, as well as any employment-related email accounts.

2. All documents, communications, and things shall be produced in the manner in which they are maintained in the usual course of business. A request for a document includes a request for any and all file folders or binders within which the document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document in addition to the document itself. The integrity and internal sequence of the requested documents within each folder shall not be disturbed or commingled with the contents of another folder. All documents should be stored, clipped, stapled, or otherwise arranged in the same form and manner as they were found.

3. If an objection is made to a portion of any of a category set forth below, you shall furnish documents, communications, and things responsive to the remainder of that category. In addition, if there are no documents, communications, or things responsive to a particular category, state so in your response to that category.

4. The term "communications" means any transmission or exchange of information either orally or in writing, and includes any conversation, letter, note, memorandum, electronic mail, text message, instant message, social media post, inter-office or intra-office correspondence, telephone call, telegraph, telecopy, telefax, cable, conference, tape recording, discussion, or face-to-face meeting.

5. "Document(s)" has the full meaning ascribed to it in Rule 34 of the Federal Rules and includes "electronically stored information" ("ESP") as also defined in Rule 34. Examples of documents include, without limitation, all writings in any form, call logs, calendars, correspondence, address books, date books, diaries, letters, facsimiles, manuals, memoranda, notes (including handwritten notes), reports, records, drawings, graphs, charts, photographs, PowerPoint slides, sound recordings, images, video recordings, telephone records, electronic mail messages, instant messages, text messages, spreadsheets, databases, all other forms of electronic communication, and other data or data compilations of any nature whatsoever stored in any medium.

6. The term "person" means any individual, entity, or association of individuals or entities of any kind, and includes partnerships, limited partnerships, corporations, joint ventures, joint enterprises, trade associations, regulatory bodies, government agencies, or government entities of any kind.

7. "Action" means the above-captioned lawsuit, *KLX Energy Services LLC v. Magnesium Machine, LLC*, Case No. 5:20-cv-01129-F, which is currently pending in the United States District Court for the Western District of Oklahoma.

8. "Cornerstone Flare Plug" means any dissolvable frac plug sold or manufactured by you, including, but not limited to, the lines of plugs depicted in videos at the following YouTube links:

https://www.youtube.com/watch?v=EMHkmsX9m_M&feature=youtu.be;

https://www.youtube.com/watch?v=90LU0Ewrwj0&feature=youtu.be.

9. "KLX" means KLX Energy Services LLC and each of its parents, subsidiaries, and predecessors and/or their officers, directors, representatives, employees, contractors, and authorized agents.

10. Unless otherwise specified, this Subpoena seeks documents from May 1, 2018 through the present.

**Documents to be Produced**

1. All documents and communications concerning KLX or the dissolvable frac plugs sold by KLX.

2. All communications with Magnesium Machine, LLC or any of its representatives, agents, or employees, including by not limited to, Loren Swor and Brian Wilkinson.

3. All documents and communications concerning Magnesium Machine, LLC or the sale or manufacture of dissolvable frac plugs by Magnesium Machine, LLC.

4. Any agreements with Magnesium Machine, LLC.

5. All communications with, concerning, or relating to any customer of KLX.

6. Documents and communications sufficient to identify the ownership, formation, and control persons of Cornerstone Tools LLC.

7. All original videos (in unedited format) that relate in any way to the YouTube clips at the following links:

https://www.youtube.com/watch?v=EMHkmsX9m_M&feature=youtu.be
https://www.youtube.com/watch?v=90LU0Ewrwj0&feature=youtu.be

8. All video footage of the Cornerstone Flare Plug.

9. All marketing materials for the Cornerstone Flare Plug.

10. All trademark applications or trademarks for any frac plug that you claim to own.

11. Any agreements with any person concerning or relating to the sale, manufacture, or design of dissolvable frac plugs.

12. All communications with any person concerning or relating to the sale of dissolvable frac plugs by you.

13. All documents and communications concerning or related to the manufacture or design of any dissolvable frac plug sold by you.

14. All communications with Mewbourne Oil Company or any of its officers, employees, or representatives concerning KLX or dissolvable frac plugs.

15. All correspondence and communications with "Jet Oilfield Services, LLC" or any company referred to as "Jet" and its representatives, agents, or employees concerning KLX or dissolvable frac plugs.

16. All documents and communications concerning or relating to the facts at issue in this Action.

4