IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KLX ENERGY SERVICES LLC, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) ) Case No. CIV-20-1129-F |
| MAGNESIUM MACHINE, LLC and CORNERSTONE TOOLS, LLC, | ) ) ) ) |
| Defendants. | ) |

## ORDER

Before the court is Plaintiff KLX Energy Services LLC's Supplemental Motion to Compel Interrogatory Answer, doc. no. 87. The motion seeks an order compelling defendant Magnesium Machine, LLC to provide a complete answer to interrogatory no. 14. The court has reviewed the motion, Mag Machine's response (which is petulant, bordering on churlish) and KLX's reply. Doc. nos. 90 and 94.

Mag Machine plainly agreed to supplement its response to interrogatory no. 14, to "specifically identify the trade secrets and answer the interrogatory." Redacted Transcript of hearing, doc. no. 93, at 14. And Mag Machine has plainly failed to do what it agreed to do. Accordingly, the court will order Mag Machine to do what it agreed to do, both because the agreement should be enforced and because the court would have ordered Mag Machine to do that anyway, if an agreement had not been reached and announced in open court.

With respect to identification of the specific documents that contain, describe or identify a trade secret, Mag Machine's amended and supplemental answer improperly invokes Rule 33(d) and directs KLX to "previously produced responsive

documents," This is wholly–and obviously–insufficient. KLX could look at every one of the previously-produced documents and not know, with any certainty, which ones Mag Machine relies on as containing, describing or identifying a particular trade secret claimed by Mag Machine. To be sure, reasonably specific designations of discrete groups of documents (by Bates number), tied to "each such trade secret" (in the words of interrogatory no. 14), will suffice, as long as the discrete groups of documents are specifically identified and do not encompass so many documents as to be meaningless in providing the information sought by the interrogatory.

Because Mag Machine made no meaningful effort to comply with its discovery obligations, KLX's request for an award of attorney's fees is well-taken. The court so orders, pursuant to Rule 37 and its inherent powers. *See,* Chambers v. Nasco, Inc., 501 U.S. 32 (1991). If the parties are unable to agree on a reasonable fee for the filing of the instant motion, KLX shall so notify the court not later than June 21, 2022, and the court will set a schedule for submissions directed to that issue.

Accordingly, KLX's motion is **GRANTED**. Mag Machine is ordered to provide a complete answer to interrogatory no. 14 not later than June 13, 2022. Mag Machine is cautioned that failure to comply with this order may result in preclusive sanctions.

IT IS SO ORDERED this 1st day of June, 2022.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

20-1129p022.docx

2